**ARCHITECTURAL LIGHTING COMPANY, INC., Plaintiff–Appellant,**

v.

**GENERAL ELECTRIC COMPANY, INC., USI Lighting Company, Inc., Kim Lighting Company, Inc., Architectural Area Lighting Company, Inc., and Spaulding Lighting, Inc., Defendants–Respondents.**

No. 65298.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 1994.

David M. Duree, Reinert, Duree & Crane, P.C., St. Louis, for appellant.

Charles A. Newman, James W. Erwin, Linda C. Reisner, Thompson & Mitchell, St. Louis, for respondent.

KAROHL, Judge.

Plaintiff, Architectural Lighting Company, Inc., [ALC] appeals dismissal of Counts II, IV, VI, VIII and X of its twenty-count first amended petition. We consider defendants' motions to dismiss appeal and plaintiff's appeal, which claims two errors in granting summary judgment on the dismissed counts.

The judgment appealed from was entered on December 14, 1993. After considering motions for partial summary judgment filed by General Electric Company and four other corporate defendants, the court entered the following:

> The court *dismisses* Counts II, IV, VI, VIII and X of Plaintiff's First Amended Petition at Plaintiff's cost.... The court designates this order granting the above-stated defendants [sic] motions for partial summary judgment as final for purposes of appeal pursuant to Mo.R.Civ.P. 74.01(b) and finds that there is no just reason for delay in accordance with that rule. (Our emphasis).

Defendants on Counts I to X argue in support of their motions to dismiss that we do not have jurisdiction, because the order was not properly certified under Rule 74.01(b) and there is just reason for delay until there is a final judgment regarding all

parties and all issues in the remaining counts pending in the circuit court. They contend some of the operative facts underlying plaintiff's remaining claims are the same as those in the counts that were dismissed. We ordered the motions taken with submission of the appeal. We conclude that we have jurisdiction.

The only operative fact necessary to a consideration of the dismissal of even-numbered counts from II to X is whether the contractual relationship between plaintiff and defendants includes an incorporated statutory duty contained in §§ 407.413.2–.3 RSMo 1986. This operative fact involves only the subject matter of the contract. The rights and obligations of parties to the contracts are not at issue where there is a single question of law which is the basis of dismissal of the claims. The dismissal judgment was based solely on a conclusion of law that the contracts which were the subject of the counts that were dismissed have nothing to do with the wholesale liquor business, and the statute pleaded in those counts applies only to that business. Accordingly, it was not necessary for the court to refer to any evidentiary facts outside of the allegations in the first amended petition to support the dismissal. Although the judgment was entered in consideration of motions for partial summary judgment, the judgment constitutes a dismissal for failure to state a cause of action as a matter of law. Our jurisdiction depends upon whether the court abused its discretion in designating the judgments final for purposes of appeal in accord with Rule 74.01(b) and that there was no just reason for delay. *Committee for Educational Equality v. State of Missouri*, 878 S.W.2d 446, 453 (Mo. banc 1994). *Committee for Educational Equality* decided that the judgment subject to a Rule 74.01(b) designation must dispose of a claim as to one party. *Id.* at 451. The court acknowledged that Rule 74.01(b) was copied almost verbatim from Federal Rule of Civil Procedure 54(b). It referred to federal case law interpreting the federal rule as an aid in interpreting Rule 74.01(b). Where the doctrine forbidding the splitting of a cause of action is not on point, a separate claim may exist if it may be proven *by differing facts* and the application of *distinguishable law*

from those claims which remain pending after the judgment. *Id.* at 451. (Our emphasis). The purpose for the federal rule is to avoid multiple appeals based upon the same underlying facts and similar legal issues. *Id.* The Supreme Court dismissed the appeal after concluding that the Rule 74.01(b) designation was an abuse of discretion.

Applying the ruling in *Committee for Educational Equality* to the present case, we conclude that the designation was not an abuse of discretion. Each count that was dismissed was addressed to a different corporate defendant and attempted to allege a similar statutory cause of action based on the theory that the defendants breached a contractual agreement with an incorporated statutory duty contained in §§ 407.413.2–.3 RSMo 1986. Other corporate defendants are subject to the same claim in Counts XII, XIV and XVI. The court did not consider whether those counts stated a cause of action against those defendants only because no motion was filed by defendants for those counts.

Counts I and II were filed against defendant General Electric Company. The actual damages claimed in those counts is the same. Count II contains an additional claim for attorney's fees authorized by § 407.413.3 RSMo 1986. The theory of liability in Count I is breach of contract together with an incorporated statutory duty contained in § 407.405 RSMo 1986. This section requires a 90–day written notice of cancellation or termination of contract. Section 407.413.2 RSMo 1986 prohibits termination of a franchise agreement without establishing good cause for termination.

The relationship between Counts I and II against defendant General Electric Company is the same for Counts III and IV against defendant USI Lighting, Counts V and VI against defendant Kim Lighting Company, Counts VII and VIII against defendant Architectural Area Lighting Company and Counts IX and X against defendant Spaulding Lighting. We will therefore discuss the relationship between Counts I and II against defendant General Electric Company and adopt that discussion for the two counts

which are addressed to each of the other corporate defendants that are parties to this appeal.

Count II of the first amended petition incorporates each factual allegation paragraph in Count I. It then alleges that § 407.413.2 RSMo 1986 prohibits General Electric Company from terminating its franchise agreement with plaintiff without first establishing good cause for termination and § 407.413.3 RSMo 1986 provides that plaintiff may recover reasonable attorney's fees for any violation of this section.

Plaintiff contends that the incorporation of allegations in Count I together with the alleged violation of § 407.413.2 RSMo 1986 represents two separate theories, one statutory and the other a common-law claim for breach of an implied condition of good faith. By adopting and incorporating an allegation in one paragraph in Count I, which asserts an implied term in the contract, plaintiff did not convert the claim in Count II from a statutory cause of action to a common-law cause of action. As a matter of law, the claim in Count II is separate from the claim made in Count I and depends entirely upon one single operative fact, whether § 407.413.2 RSMo 1986 provides a cause of action for breach of the contractual relationship which plaintiff had with defendant General Electric Company. The statute does not apply to the contract which was alleged to exist between plaintiff and General Electric Company from and after February 23, 1991, where the subject matter of the contract was not the sale of liquor and wine. Count II fails to state a statutory cause of action, and plaintiff could not state a cause of action under that statute where the contract involved the sale of electrical merchandise. The trial court so found. It then entered a judgment based upon a ruling of law that the statute had no application to the contract. Therefore, Count II failed to state a cause of action and was subject to dismissal. This judgment disposed of a claim on facts different than any still contested in the trial court and on the authority of distinguishable law.

We have jurisdiction and look to the merits of the appeal. We affirm the dismissals of claims based on § 407.413 RSMo 1986.

The subject matter of §§ 407.400–.420 RSMo Supp.1975 was considered by the Missouri Supreme Court in Brown–Forman Distillers Corporation v. McHenry, 566 S.W.2d 194 (Mo. banc 1978). The court considered the legislative history of a 1975 amendment to the franchise agreement statute. It concluded the amendment worked two changes. First, it added to the definition of franchise a clause which defined "wholesaler" and "supplier" as being persons in the liquor industry. Id. at 195. And second, it added § 407.413 RSMo Supp.1975, which gave additional protection to persons holding franchises in the liquor industry. Id. at 197. This view is supported by the provisions of § 407.400(1) RSMo Supp.1975, which defines the terms "supplier" and "wholesaler" as they are used in §§ 407.400–.420 RSMo Supp.1975 in terms of the sale of liquor and wine. Accordingly, Count II against General Electric Company fails to state a cause of action where the petition alleges that the contractual relationship between plaintiff and defendant involves only commercial activities and sale of "lighting and related products."

The statute relied on in Count II is wholly inapplicable to the alleged contracts. The court found as a matter of law the petition did not state a cause of action. The judgment of dismissal fully disposed of claims on the basis of a single fact alleged by plaintiff and a conclusion of law. The legal issue decided by the trial court has no relationship to any other count which remains pending in the trial court. Our decision affirming the judgment does not involve the possibility of multiple appeals nor does it depend upon the deposition of matters of fact which remain pending in the trial court on other counts. The judgment of the trial court and the affirmance by this court decides only that the allegations in Count II do not state a cause of action, because the contractual relationship between the parties did not involve the sale of liquor or wine and the statute involves only that subject matter.

We affirm.

SMITH, P.J., and WHITE, J., concur.